HARRY BRINN, Respondent, *v.* LOUIS MARGOLIS, Appellant,
Impleaded with JOSEPH L. CAHN, Defendant, Doing Business
under the Firm Name and Style of JOSEPH L. CAHN & COMPANY.

First Department, November 2, 1923.

Bills and notes — action on trade acceptances by assignee — drawer was
indebted to acceptor in sufficient amount to cover acceptances —
defense that drawer and plaintiff conspired to defraud defendant by
transferring trade acceptances to plaintiff, and that transfer was with-
out consideration and with knowledge was improperly dismissed —
evidence raised question whether transactions between plaintiff and
drawer were bona fide.

In an action to recover on trade acceptances which were assigned to the plaintiff
by the drawer in which the defendant interposed the defense that at the time
he accepted the trade acceptances the drawer was indebted to him in an
amount sufficient to cover them, that the drawer subsequently went into
bankruptcy, that the plaintiff and the drawer entered into a conspiracy to
defraud the defendant by transferring the trade acceptances to the plaintiff
who was to claim the rights of a *bona fide* holder, and that the plaintiff took
the trade acceptances with full knowledge of the facts and without paying
anything therefor, it was improper to dismiss the defense since there was
sufficient evidence presented upon which the jury might have found that the
transactions between the plaintiff and the drawer were not *bona fide* in respect
to the acceptances.

APPEAL by the defendant, Louis Margolis, from a judgment of
the Supreme Court in favor of the plaintiff and against said defend-
ant, entered in the office of the clerk of the county of New York
on the 20th day of October, 1922, upon the verdict of a jury rendered
by direction of the court.

*Hirsh, Newman & Reass* [*Benjamin Reass* of counsel; *Hugo
Hirsh, Emanuel Newman* and *Ira S. Robbins* with him on the brief],
for the appellant.

*Benjamin Rich* [*Joseph Sapinsky* of counsel], for the respondent.

McAVOY, J.:

The defendant Margolis appeals from a judgment on a verdict
directed by the court after his defenses had been dismissed on the
ground that the facts proven were not sufficient to constitute a
defense as against this plaintiff nor to constitute a counterclaim or
offset to the extent of plaintiff's claim. Three actions were tried
at the same time. The testimony taken applies to all three actions.
The three appeals are argued as one and upon the same record,
inasmuch as they involve the same facts and the same principles

31

of law. The defense which was dismissed is that the defendant Joseph L. Cahn, drawer of a certain trade acceptance sued on, was indebted to defendant Margolis, the acceptor of the bill, for merchandise delivered and money advanced aggregating the sum of $26,599.40; that at the time of making and delivering the acceptance alleged in the complaint the said Cahn was insolvent and before the maturity of the acceptance Cahn was adjudged a bankrupt in a proceeding in the United States District Court; that the said Cahn and the plaintiff herein conspired for the purpose of cheating and defrauding this defendant and other creditors of Cahn, and for the purpose of carrying out the conspiracy, and without any consideration, Cahn purported and pretended to assign and transfer the trade acceptance to the plaintiff, who took the same with full knowledge of the facts and without paying anything therefor, and that plaintiff knew that defendant Margolis was entitled to offset and recoup the debt of Cahn against the amount of the said acceptance, and that plaintiff holds the said acceptance solely for the benefit of Cahn.

This defense was endeavored to be proven by showing certain alleged suspicious circumstances from which it is said it should be inferred that there was a conspiracy on the part of the plaintiff Brinn, and his transferrer Cahn, by which Brinn was asserting the claim as a holder in due course solely for the use and benefit of Cahn, and as an expedient to cheat and prevent the appellant from asserting his right to counterclaim against Cahn in extinguishment of this debt. The sole point now to be resolved is whether or not the defendant's evidence was sufficient to raise a reasonable inference that the conspiracy charged between Cahn and Brinn existed. It is claimed by appellant that proof has been adduced by him to establish clearly that Brinn had knowledge of Cahn's financial condition; that he paid no consideration for a certain $1,000 trade acceptance dated October 19, 1921, which he cashed, and after giving Cahn a check for $984 therefor received $1,000 in cash the next day, which sum was paid him at Cahn's bank on a check drawn by Cahn, and when the money was paid over at the bank he was accompanied by either Cahn or Cahn's son; that there was a $1,500 acceptance made October 21, 1921, for which plaintiff gave his check for $1,469.70 on which he stopped payment the next day and kept the trade acceptance and that he gave a false explanation for stopping payment, to wit, that he had not enough funds in the bank to pay the same, whereas he had a balance much larger than the check. That besides these considerations after the transactions were complete in the series of trade acceptances which passed between these parties, Brinn

admitted to one Meadow, a son-in-law of Margolis, the defendant, that he was willing to surrender all of the acceptances, of which he had control, for $500 apiece, or seven trade acceptances in the series, approximating $14,000 in value. It is further claimed that proof was adduced to show that Brinn told Meadow that he was going to turn all the acceptances over to innocent third parties, which it is argued shows he was not an innocent third party himself or he would have been content to rely upon his own holding of the notes in good faith. This transaction in which Cahn sent Meadow to Brinn to make arrangements, and in which Brinn offered to sell all the acceptances for $500 each, is relied on not merely as proof by inference, but as direct proof of the fraudulent plan between Cahn and Brinn, whereby Brinn was to hold himself out as an innocent holder of the acceptances in order to prevent the assertion of defendant Margolis' counterclaim against Cahn.

Plaintiff argues that this story is so improbable that even its credibility should not have been submitted to the jury, and assuming even that it be true, that it has no probative weight against the undisputed payments made from Brinn to Cahn upon the trade acceptances involved in these actions. Plaintiff asserts that the statements of Brinn to Meadow that he would transfer the trade acceptances to innocent third parties cannot be effective toward a finding that Brinn had not paid full consideration for the trade acceptances, and he intimates that Brinn could not have had the proper legal notion as to what an innocent third party was. These considerations, however, are all matters of fact and their improbable and fantastic nature, if they possess such characteristics, are for a jury's determination. They are not so inherently improbable as to be unbelievable and a court may not rule them so.

We find enough proof here upon which the jurors might have found that the transactions between Cahn and Brinn were not *bona fide* in respect of any of the trade acceptances, but were mere screens designed to cover and mask the actual transactions.

The judgment should be reversed and a new trial ordered, with costs to appellant to abide the event.

CLARKE, P. J., SMITH, FINCH and MARTIN, JJ., concur.

Judgment reversed and new trial ordered, with costs to appellant to abide the event.